Saul Leibowitz, Reilly, Sentman & Leibowitz, Chicago, Ill., for plaintiff.

Eric Cohen, Welsh & Katz, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is the defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Despite the setting of a briefing schedule under which plaintiff was to respond to the defendant's motion by a date now passed, plaintiff has filed nothing and apparently has chosen not to respond to the Motion to Dismiss. For the reasons stated herein, defendant's Motion to Dismiss is granted.

The instant matter is an action for breach of a distribution contract. This contract was formed ·after the president of plaintiff Eagles contacted defendant Dough Delight in Canada, traveled to Toronto, spoke on the phone with the president of Dough Delight, and reached a

**EAGLES FOOD SALES, INC., an Illinois corporation, Plaintiff,**

v.

**DOUGH DELIGHT, LTD., a Canadian corporation, Defendant.**

No. 83 C 9329.

United States District Court, N.D. Illinois, E.D.

June 12, 1984.

handshake agreement in Lake Geneva, Wisconsin. Under the contract, Eagles was to, and indeed did, receive and pay for Dough Delight's goods in Toronto, which Eagles then shipped to Chicago.

Under the Illinois Long-Arm Statute:

(a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts:

(1) the transaction of any business within this state...

.  .  .  .  .

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section.

Ill.Rev.Stat. ch. 110 ¶ 2–209 (1983).

In the case at bar it is apparent that no minimum contacts exist sufficient for this Court to exercise jurisdiction over Dough Delight as no substantial contacts between the defendant and the forum state are apparent. *Volkswagen Corp. v. Woodsen,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe v. Washington,* 326 U.S. 310; 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In a case quite similar to the matter now pending before the Court, the Illinois Supreme Court held that *in personam* jurisdiction did not exist where a distributor sued an out-of-state manufacturer on a contract under which the manufacturer accepted orders and delivered the product for shipment in New York despite the fact that the contract was negotiated in Illinois. *Grobark v. Addo Machine Company,* 16 Ill.2d 426, 158 N.E.2d 73 (1959). Similarly, in *Sportmart, Inc. v. Frisch,* 537 F.Supp. 1254 (N.D.Ill.1982), Judge Aspen ruled that the Court had no jurisdiction over an Italian manufacturer merely because its U.S. distributor transacted business in Illinois where the title to the goods and risk of loss passed in Italy.

In the case at bar, plaintiff was an independent distributor which received and took title to the goods in Canada. Defendant had no contacts with Illinois and cannot be held to have had any merely because plaintiff, an entity with which defendant had a distribution agreement but did not do business on defendant's behalf, was present in Illinois.

## CONCLUSION

Given the present record in this case, due process would be violated by requiring Dough Delight to defend this action in Illinois because Dough Delight could not reasonably believe that it would be sued in Illinois. Dough Delight performed all of its activity under the contract in Canada. The products manufactured by Dough Delight under the agreement were delivered to Eagles in Canada and shipped by Eagles into Illinois. Dough Delight maintains no offices or employees in Illinois. In such circumstances, it would offend traditional notions of fair play to expect Dough Delight to defend itself in Illinois. For these reasons, defendant's Motion to Dismiss for lack of personal jurisdiction is hereby granted.

IT IS SO ORDERED.